**UNITED STATES of America,**
**Appellee,**

v.

**Thomas Edwin CURTIN, Appellant.**

**No. 26627.**

United States Court of Appeals,
Ninth Circuit.

April 27, 1971.

Morris Lavine, Los Angeles, Cal., Kendall M. Squires, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, San Diego, Cal., for appellee.

Before DUNIWAY, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Curtin was convicted by a jury on a two-count indictment of knowingly smuggling marijuana into the United States and of knowingly concealing or facilitating the transportation of marijuana. 21 U.S.C. § 176a.

Here, Curtin presents nine claims for reversal: (1) that 21 U.S.C. § 176a violates the Fifth Amendment; (2) that the evidence was insufficient to prove guilty knowledge and fraudulent intent; (3) that the marijuana was not knowingly smuggled into the United States; (4) that the search and seizure violated the Fourth and Fifth Amendments; (5) that asking the Customs Inspector, in the jury's presence, if Curtin made any statement to him at the time of arrest violated the Fifth Amendment; (6) that the jury was not adequately instructed on the issue of knowledge; (7) that Curtin was inadequately represented by his trial counsel; (8) that unfair publicity required a venue change; (9) that the motion to suppress evidence should have been granted. There is little substance to these contentions. Many of them have previously been essentially resolved adversely to the arguments contained in

Curtin's brief. There was more than enough evidence to support the jury's verdict, and if any technical error occurred in the District Court, we hold, on the record before us, that it was harmless beyond reasonable doubt.

Affirmed.